**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1812
_____


KATHLEEN WRIGHT CROFT; SAMUEL E. CROFT, JR.,
Appellants

v.

DONEGAL TOWNSHIP; RICHARD FIDLER; TAMMI IAMS; RICHARD MARTIN;
LANE TURTURICE
_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
No. 2-20-cv-01430
District Judge: Honorable Christy C. Wiegand


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
on August 26, 2022
Before: JORDAN, RESTREPO, and PORTER, *Circuit Judges*

(Filed: August 26, 2022)
_____

OPINION[1]
_____

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RESTREPO**, *Circuit Judge.*

Plaintiffs-Appellants ("Appellants") allege that Defendants-Appellees ("Appellees") subjected Kathleen Wright Croft, an elected member of the Donegal Township Board of Supervisors ("the Board"), to a campaign of harassment in retaliation for exercising her right to protected speech. Appellants assert that the Board worked to disparage Ms. Croft's voting power in retaliation for her vocal criticisms of the Board's policies.

Ms. Croft was one of the five elected Supervisors of Donegal Township. Throughout her tenure, Ms. Croft, who describes herself as an "outspoken vocal, minority critic of [Appellees'] policies and Township activities," JA 50–51, routinely criticized the Board's policies on "issues such as budgeting, employment matters, financial management, and policing." JA 19. As a direct result, Ms. Croft claims Appellees retaliated against her in violation of her First Amendment rights.

In January 2021, Appellants filed a Second Amended Complaint in the United States District Court for the Western District of Pennsylvania, asserting both federal and state claims.[3] In March 2021, the District Court granted Appellees' motion to dismiss

---

[2] As we write for the benefit of the parties, who are familiar with the background of this case, we set out only the facts and procedural history necessary for the discussion that follows.

[3] The Second Amended Complaint includes five claims against all of the Appellees, unless otherwise noted: First Amendment retaliation under 42 U.S.C. § 1983 (Count I); Fourteenth Amendment Equal Protection violation under 42 U.S.C. § 1983 (Count II); Fourteenth Amendment Due Process violation under 42 U.S.C. § 1983 (Count III); violation under Pennsylvania's Second Class Township Code, 53 Pa. Stat. § 65603, against Appellees Donegal Township, Iams, Martin, and Fidler (Count IV); and violation

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court dismissed Count I without prejudice and Counts II and III with prejudice. Furthermore, it declined to exercise supplemental jurisdiction over Appellants' state law claims – Counts IV and V – pursuant to 28 U.S.C. § 1367. Appellants appeal only Count I – First Amendment retaliation in violation of 42 U.S.C. § 1983 – and the Court's denial of supplemental jurisdiction.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of a district court's grant of a motion to dismiss is plenary.[4] On review, we apply the same standard as the District Court.[5] To survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face.[6]

In deciding a motion to dismiss, we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[7]

---

of Pennsylvania's Sunshine Act, 65 Pa. Cons. Stat. § 709(a), against Appellees Donegal Township, Iams, Martin, and Fidler (Count V). Appellant Samuel Croft joins Counts III through V.

[4] *N.Y. Shipping Ass'n Inc. v. Waterfront Comm'n of N.Y. Harbor*, 835 F.3d 344, 352 (3d Cir. 2016).

[5] *Id.*

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Additionally, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[8]

## III.

We conclude that Appellees are entitled to qualified immunity on the basis that Appellant Ms. Croft failed to articulate a clearly established constitutional right, and we will therefore affirm the District Court's order dismissing Appellants' claims.[9]

Qualified immunity shields government officials from lawsuits to safeguard "officials from harassment, distraction, and liability when they perform their duties reasonably."[10] It protects government officials "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[11] Courts may use "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first."[12] We affirm the District Court's dismissal on the basis of the lack of a clearly established right and will therefore focus our analysis accordingly.

---

[8] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[9] Since we conclude Ms. Croft did not establish that she had a clearly established right against alleged retaliation for speech made within the scope of her official duties, we need not address the First Amendment issue.

[10] *Mammaro v. N. J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 168 (3d Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

[11] *Mirabella v. Villard*, 853 F.3d 641, 648 (3d Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

[12] *Bayer v. Monroe Cnty. Children & Youth Servs.*, 577 F.3d 186, 191–92 (3d Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. at 236).

To determine if a right is clearly established, we look to the Supreme Court for precedent.[13]  In the absence of Supreme Court precedent, we may rely on "a 'robust consensus of cases of persuasive authority' in the Court of Appeals."[14]  The confines of a clearly established constitutional right "must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right."[15]  "[T]he right must be defined with a 'high degree of specificity' before we consider that right clearly established"[16] and must be "established in a precedential case."[17]

Ms. Croft's claim against Appellees fails because she has not pointed to any precedential case law establishing a clearly established right.  Appellees argue that Ms. Croft does not have a clearly established right against alleged retaliation for speech made within the scope of her official duties.  Ms. Croft counters that the general constitutional rule that an elected official's speech is protected from First Amendment retaliation was sufficiently clear to Appellees.  Nevertheless, "given the high degree of specificity required to prove that a right has been clearly established, the general constitutional rule [Ms. Croft] points to does not suffice."[18]  We cannot identify any established precedent nor any consensus of persuasive authority that establishes this right.  Therefore, the

---

[13] *Mirabella*, 853 F.3d at 648.

[14] *Mammaro*, 814 F.3d at 169 (quoting *Taylor v. Barkes*, 575 U.S. 822, 826)).

[15] *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Hira Edu. Servs. N. Am. v. Augustine*, 991 F.3d 180, 190 (3d Cir. 2021).

[16] *Hira*, 991 F.3d at 190–91 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (internal quotation omitted)).

[17] *Id.* at 191 (quoting *Wesby*, 138 S. Ct. at 581).

[18] *Id.*

contours of the alleged right could not have been sufficiently clear to give the Appellees fair warning of liability.

Additionally, Appellants argue that the District Court erred in declining to exercise supplemental jurisdiction over their state law claims (Counts IV and V), because the court erred in dismissing the federal claims based on its conclusion that Appellees were protected by qualified immunity. Having affirmed the District Court's dismissal of Count I, we affirm the District Court's refusal to exercise supplemental jurisdiction over the state-law claims.

## IV.

For the foregoing reasons, we affirm the District Court's dismissal of Appellants' claims.